CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 2 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:00-cr-30053 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DELMAR SHERMAN GILMER, JR., | ) | By: Michael F. Urbanski |
| Petitioner. | ) | Chief United States District Judge |

Delmar Sherman Gilmer, Jr., a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has filed a motion to dismiss, and Gilmer has responded, making this matter ripe for consideration. After reviewing the record, the court concludes that the government's motion to dismiss must be granted and Gilmer's § 2255 motion must be dismissed.

I.

On August 17, 2000, a federal grand jury charged Gilmer with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. He pleaded guilty, pursuant to a written plea agreement. The Presentence Investigation Report ("PSR") recommended a guideline imprisonment range of 262 to 327 months' incarceration because it concluded that he qualified as a career offender. PSR ¶¶ 22, 66, ECF No. 224. The court sentenced Gilmer to a total of 262 months' imprisonment. Gilmer did not appeal. Gilmer filed this § 2255 motion alleging that the district court imposed an unconstitutional sentence in light of Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), that he received ineffective assistance because counsel failed to investigate his case and raise a Johnson argument at sentencing, and that the court erred by failing to take into consideration his minimal participation in the conspiracy.

The court appointed the Federal Public Defender's Office to represent Gilmer and provide supplemental briefing, if necessary, in light of Johnson, pursuant to Standing Order 2015-5. Subsequently, the Federal Public Defender's Office declined to file additional pleadings and filed a motion to withdraw as counsel, which the court granted. Notice of No Additional Filing at 1, ECF No. 215; Order, ECF No. 217.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Gilmer bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A. Career Offender Designation

Gilmer argues that following the Supreme Court's decision in Johnson, the district court impermissibly sentenced him as a career offender. This claim lacks merit.

The PSR recommended that Gilmer receive an increased sentence under the United States Sentencing Guidelines ("U.S.S.G.") because he qualified as a career offender in that he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense," pursuant to U.S.S.G. § 4B1.1. PSR ¶ 22, ECF No. 224. Although the PSR did not specify which of his prior convictions were used to support the career offender designation, Gilmer has two prior felony controlled substance offense convictions: a 1990 conviction for

conspiracy to distribute cocaine, PSR ¶ 30 and a 1991 conviction for conspiracy to distribute and possession of cocaine, PSR ¶ 31.[1]

Gilmer challenges the constitutionality of U.S.S.G. § 4B1.2(a), which defined a "crime of violence," in part, as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," referred to as the "residual clause." He bases his argument on Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), in which the Supreme Court held that an identically worded residual clause in a federal statute, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague and could not be used to increase a defendant's sentence. However, Gilmer's argument is without merit for many reasons. First, the Supreme Court in Beckles v. United States, held that the Guidelines are not subject to a similar constitutional challenge as they merely "guide the exercise of a court's discretion," whereas statutes "fix the permissible range of sentences" that a defendant faces. 137 S. Ct. 886, 895 (2017). Second, Johnson did not affect the viability of a defendant's prior drug convictions; instead, it limited only the types of violent crimes that could be used to support an enhanced sentence. Therefore, Johnson has no applicability to Gilmer's sentence, and he was properly classified as a career offender.[2]

---

[1] In addition, Gilmer has a 1999 Virginia conviction for malicious wounding, which could qualify as a crime of violence for career offender purposes. However, because Gilmer has two prior felony drug convictions, his malicious wounding conviction is not necessary to support his career offender status.

[2] Gilmer was sentenced in 2001 as a career offender under the Sentencing Guidelines. At that time, the Sentencing Guidelines were considered mandatory. Although the Supreme Court concluded that the Guidelines are not subject to a vagueness challenge, it did not address whether a constitutional infirmity might arise in circumstances where a defendant was sentenced as a career offender under the mandatory guidelines regime that existed prior to its decision in United States v. Booker, 543 U.S. 220, 245 (2005). The Fourth Circuit, in United States v. Brown, No. 16-7056, 2017 WL 3585073, *6 (4th Cir. Aug. 21, 2017), concluded that a defendant could not successfully rely on Johnson to invalidate a career offender sentence under a mandatory guideline regime because the Supreme Court did not explicitly invalidate the residual clause in § 4B1.2(a) under the mandatory guidelines. Moreover, as already explained, Gilmer was sentenced as a career offender based on

3

B. Ineffective Assistance of Counsel

Gilmer also argues that he received ineffective assistance because counsel failed to investigate his case and failed to raise a Johnson argument before the trial court. These claims, too, lack merit.

First, Gilmer does not provide any factual basis to support his claim that defense counsel failed to investigate his case. "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotation omitted); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing) overruled on other grounds by Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

Moreover, counsel did not provide deficient performance in failing to raise a Johnson claim at sentencing. First, defense counsel need not have anticipated the Supreme Court's Johnson opinion, decided 14 years after Gilmer was sentenced, in order to meet the constitutional standard for effective representation. See United States v. Blick, 408 F.3d 162, 170 (4th Cir. 2005) (holding that counsel is not required to be able to predict future Supreme Court rulings in order to provide effective representation). Moreover, even if counsel could have anticipated the Supreme Court's Johnson ruling, Gilmer still qualifies as a career offender because of his prior felony drug convictions. Therefore, Gilmer has not established that counsel provided ineffective assistance of counsel or that he suffered any prejudice from counsel's representation. Strickland v. Washington, 466 U.S. 668, 687 (1984).

C. Minor Role in Conspiracy

---

prior felony drug convictions. Accordingly, the fact that he was convicted under the extant mandatory guidelines does not affect the viability of his § 2255 motion.

4

In a supplemental § 2255 motion, Gilmer argues that the district court also erred by failing to consider his limited role in the conspiracy when sentencing him. He argues that he is entitled to a minor role reduction based on a recent amendment to the advisory federal sentencing guidelines manual. Amendment 794 amended U.S.S.G. § 3B1.2 and took effect on November 1, 2015. United States v. Quintero-Leyva, 823 F.3d 519, 521 (9th Cir. 2016). This amendment, issued after Gilmer's conviction became final in 2001, allows a court to consider various factors to determine whether to impose a reduced sentence based on a defendant's minimal offense conduct. Gilmer's request for a minor-role reduction to his sentence is not cognizable in a § 2255 motion. His does not argue that his sentence was imposed in violation of the laws of the United States or the Constitution at the time that he was sentenced, only that he wishes to avail himself of the current Amendment 794. See 28 U.S.C. § 2255(a) (providing the circumstances under which a federal defendant may collaterally attack his conviction and sentence). Accordingly, this argument is unavailing.

Instead, a motion for a sentence reduction based on a subsequent change in the Guidelines should be filed under 18 U.S.C. § 3582. United States v. Jones, 143 F. App'x 526, 527 (4th Cir. 2005). Gilmer filed an additional motion with the court requesting relief under § 3582. ECF No. 218. However, Gilmer is not entitled to a sentence reduction under § 3582 either. In 2000, Gilmer was sentenced under the extant Guidelines Manual, as was appropriate. See Dorsey v. United States, 567 U.S. 260, 275 (2012); U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). Gilmer may not rely on Amendment 794 now, more than 15 years after he was sentenced, because the Sentencing Commission has not made it retroactively applicable to

5

defendants on collateral review. See U.S.S.G. § 1B1.10 (listing all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review; Amendment 794 is not listed). Gilmer's request for a reduction under § 3582(c)(2) pursuant to this amendment has no legal validity and must be denied.

### III.

For the reasons stated, the court grants the government's motion to dismiss. Because Gilmer has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 20th day of September, 2017.

Chief United States District Judge