CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 15 2017
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:00CR30053-6 |
| v. | ) |
| | ) OPINION |
| DELMAR SHERMAN GILMER, Jr., | ) |
| | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |
| Petitioner. | ) |

Delmar Sherman Gilmer, Jr., a federal inmate proceeding pro se, filed a motion for reconsideration of the court's decision dismissing his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, ECF No. 239.

Rule 60(b) of the Federal Rules of Civil Procedure provides several grounds upon which a party may seek relief from a final judgment, order or proceeding. Those grounds include: mistake, newly discovered evidence, fraud, a void judgment, a satisfied judgment, or any other reason that may justify relief. Fed. R. Civ. P. 60(b)(1)-(6). However, in cases that have proceeded under 28 U.S.C. § 2255, the district court "must examine Rule 60(b) motions . . . to determine whether such [a] motion[] [is] tantamount to [a] successive application[]." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). If the petitioner is attempting to again attack his underlying conviction or sentence, then the motion for reconsideration "will usually amount to a successive application." Id.

Here, Gilmer attempts to challenge his sentence by raising the same grounds for relief as he did in his original § 2255. Specifically, he argues that he should not have been sentenced as a career offender and that his sentence should have been reduced based on the minor role that he played in the conspiracy. This claims were considered, and dismissed in

its September 22, 2017 memorandum opinion, ECF No. 237. Therefore, his motion for reconsideration is, in fact, a second or subsequent motion under 28 U.S.C. § 2255(h). Id.

The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that a claim in the motion meets certain criteria. See 28 U.S.C. § 2255(h). As Gilmer has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court is without jurisdiction to consider it. Winestock, 340 F.3d at 208-09. Based upon the court's finding that Gilmer has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 15 day of November, 2017

/s/ Michael F. Urbanski
Chief United States District Judge