## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 5:00-cr-30053 |
| v. | ) | |
| | ) | By:    Michael F. Urbanski |
| DELMAR SHERMAN GILMER, JR. | ) | Chief United States District Judge |
| | ) | |
| Defendant | ) | |

### MEMORANDUM OPINION

This matter comes before the court on defendant Delmar Sherman Gilmer's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 250. The government has responded in opposition and Gilmer has replied. ECF Nos. 256, 258. For the reasons stated herein, the court will **GRANT** Gilmer's motion for compassionate release and reduce his sentence to time served.

### I.

On February 5, 2001, Gilmer entered into a plea agreement in which he pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Plea Agreement, ECF No. 41; Presentence Investigation Report (PSR), ECF No. 255 at 2. Gilmer's statutory sentencing range was 10 years to life. PSR, ECF No. 255 ¶ 11. Under the United States Sentencing Guidelines (USSG or guidelines), which were mandatory at the time Gilmer was sentenced, he had a base offense level of 34 and a criminal history category of VI, which rendered a guidelines range of 262 to 327 months. Id. ¶ 66 (citing USSG Ch. 5, Pt. A). His offense level calculation included a 3-point adjustment for being a career offender under USSG § 4B1.1. Id. ¶ 22. His criminal history category increased from IV to VI

because of the career offender designation. Id. at ¶ 30, 31, 32, 33; USSG Ch. 5 Pt. A. On July 16, 2001, Gilmer was sentenced to a term of 262 months, to be followed by a 5-year term of supervised release. J., ECF No. 79. Gilmer has served more than 20 years for the offense and with credit for good time, he has a projected release date of November 21, 2023.[1]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Gilmer's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

---

[1] https://www.bop.gov/inmateloc/ (last viewed May 3, 2022).

The parties do not contest that Gilmer has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). See Notice to Correct Resp., ECF Nos. 257 and 257-1. Accordingly, the court finds that Gilmer has satisfied the statute's exhaustion requirements.

The court must next consider whether there are any "extraordinary and compelling reasons" that would warrant "reduc[ing] the term of imprisonment" imposed in Gilmer's case. 18 U.S.C. § 3582(c)(1)(A). In United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020), the Fourth Circuit held that district courts may consider "any extraordinary and compelling reason for [compassionate] release that a defendant might raise." McCoy, 981 F.3d at 284 (citing United States v. Brooker, 976 F.3d 228, 239 (2d Cir. 2020)). In so finding, the court rejected the notion that district courts are constrained by the policy statement found in USSG § 1B1.13 and the application note that accompanies the policy statement. See discussion, McCoy, 981 F.3d at 280-84.

Gilmer argues that if he were sentenced today, he would no longer be considered a career offender and his guidelines sentencing range would be greatly reduced. He makes two assertions in support of his argument: (1) he is not a career offender today because the Fourth Circuit held in United States v. Norman, 935 F.3d 232, 236-37 (4th Cir. 2019), that a conspiracy offense in violation of 21 U.S.C. § 846 is not a "controlled substance offense" for purposes of the career offender guideline; and (2) if he were not a career offender, he would be entitled to the benefit of Amendment 782 of the guidelines.

The PSR states that Gilmer was classified as a career offender under USSG § 4B1.1 because his instant offense was either a crime of violence or a controlled substance offense

3

and he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. PSR, ECF No. 255 ¶ 22. However, under United States v. Norman, 935 F.3d 232, 241 (4th Cir. 2019), convictions for conspiracy to distribute drugs are no longer considered controlled substance offenses under USSG § 4B1.2. As the Fourth Circuit reasoned, because the "generic, contemporary meaning" of "conspiracy" requires an overt act, and "conspiracy" under § 846 does not require an overt act, § 846 criminalizes a broader range of conduct than that covered by generic conspiracy. Norman, 935 F.3d at 237-38 (applying the "categorical approach" set out in Taylor v. United States, 495 U.S. 575, 600-02 (1990)). Gilmer was convicted of conspiracy to distribute methamphetamine. Accordingly, if he were sentenced today, he no longer would be considered a career offender under § 4B1.2.

Gilmer further asserts that two of his three possible predicate offenses were also convictions for conspiracy to distribute illegal drugs. The PSR did not specify which of his prior offenses were counted as predicate offenses, but he had two prior Virginia Commonwealth convictions for conspiracy to distribute cocaine and a conviction for malicious wounding. PSR, ECF No. 255 at ¶¶ 30, 31, 32. Gilmer argues that neither of the Virginia Commonwealth convictions would count as predicate offenses because in Virginia, the crime of conspiracy does not require an overt act. "In Virginia, the crime of conspiracy is complete when the parties agree to commit an offense. . . . No overt act in furtherance of the underlying crime is necessary." Gray v. Commonwealth, 260 Va. 675, 680, 537 S.E.2d 862, 865 (2000). At least one district court has found that the same analysis applies to state court predicate offenses. See United States v. Trice, No. 7:13cr00034-001, 2021 WL 402462 (W.D. Va. Feb. 3, 2021) (finding that because New Jersey conspiracy statute did not contain an overt

act requirement a defendant convicted under the statute would no longer qualify as a career offender). The court need not reach this issue because it is clear that Gilmer's federal conspiracy offense no longer qualifies him as a career offender under Norman.

In United States v. McCoy, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit found that a "gross disparity" between a petitioner's sentence at the time of conviction and the sentence that would be imposed under current law can be considered an "extraordinary and compelling reason" for granting compassionate release. Id. at 285–86. Gilmer argues and the government agrees that without the career offender designation, his guidelines sentencing range would have been 151 to 188 months. Also, without the career offender designation, Gilmer would have been eligible for a sentence reduction based on Amendment 782[2] which would have reduced his guidelines range to 121 to 151 months.[3] The difference between Gilmer's sentence of 262 months and the sentence of 121 months he likely would receive today is 141 months, or almost 12 years. Gilmer argues that the 12-year difference in sentences is a gross disparity and constitutes an extraordinary and compelling reason to reduce his sentence.

The government argues that the disparity in the sentence Gilmer received in 2001 and the sentence he would receive for the same conduct today is not an extraordinary and compelling reason to reduce his sentence. However, based on McCoy, the court disagrees. McCoy made clear that in the context of "stacked" sentences imposed under 18 U.S.C. § 924(c), "the enormous disparity between [the original] sentence and the sentence a defendant

---

[2] Amendment 782 reduced by two levels the offense levels assigned to drug quantities in USSG §§ 2D1.1 and 2D1.11. United States v. Hall, No. 6:08-cr-00013-1, 2019 WL 3824252, at *2 (W.D. Va. Aug. 14, 2019).
[3] Without the career offender designation and with the benefit if Amendment 782, Gilmer would have had a total offense level of 29 and a criminal history category of IV, resulting in a sentencing range of 121 to 151 months. USSG Ch. 5 Pt. A.

would receive today can constitute an 'extraordinary and compelling' reason for relief under §
3582(c)(1)(A).'" McCoy, 981 F.3d at 285. This court and others have applied the McCoy
reasoning when considering motions for compassionate release based on the claim that a
defendant would no longer be considered a career offender if sentenced today. See, e.g., United
States v. Cooper, No. 1:10CR00043-001, 2022 WL 1302708 (W.D. Va. May 2, 2022); United
States v. Morris, No. 4:13cr25, 2022 WL 1285183 (E.D. Va. Apr. 29, 2022); United States v.
Williams, No. 14-cr-428, 2021 WL 5827327 (E.D. Va. Dec. 8, 2021); United States v. Fennell,
___ F.Supp.3d ___, 2021 WL 5149915 (W.D. Va. Nov. 4, 2021); United States v. Richards,
No. 3:11-cr-31, 2021 WL 3861599 (W.D. Va. Aug. 30, 2021); and United States v. Trice, No.
7:13-CR-34-1, 2021 WL 402462, at *3 (W.D. Va. Feb. 3, 2021).

In light of the Fourth Circuit's decision in Norman, it is undisputed that Gilmer would
not qualify as a career offender if he were sentenced today and he no longer would be subject
to a guidelines range of 262 to 327 months. Instead, with the application of Amendment 782,
he would be subject to a sentence of 121 to 151 months. The court finds that the significant
disparity between Gilmer's current sentence and the sentence he would face today for the
same offense provides an extraordinary and compelling basis for a sentence reduction under
§ 3582(c)(1)(A).

### III.

Having found that an extraordinary and compelling reason exists for a sentence
reduction, the court "must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they
are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of

imprisonment." <u>United States v. High</u>, 997 F.3d 181, 186 (4th Cir. 2021) (quoting 18 U.S.C.

§ 3582(c)(1)(A)). Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . .

18 U.S.C. § 3553(a). The government argues that the § 3553(a) factors counsel against

granting a sentencing reduction. After considering the applicable factors, the court finds that

the factors weigh in favor of a sentence reduction.

Looking first at the nature and circumstances of the offense, Gilmer was a member of

a large conspiracy that distributed multiple pounds of methamphetamine and powder cocaine

throughout Virginia. Drugs were transported to Virginia from Chicago, Illinois and Mexico. Gilmer acted as a mid-level dealer of methamphetamine, and it was determined that he was responsible for no less than 1.8 kilograms of methamphetamine. PSR, ECF No. 255 ¶¶ 6-9. Given the misery wreaked by drug distribution, and the quantity of drugs Gilmer distributed, the nature and circumstances of his offense weigh against a sentence reduction.

Turning to the history and characteristics of the defendant, Gilmer had a long history of criminal offenses prior to his conviction in this court, including two convictions for conspiracy to distribute cocaine, and one count of malicious wounding. These convictions occurred after Gilmer was well into his adult years and weigh against a sentence reduction.

On the other hand, Gilmer was born to very young parents and had a long history of drug abuse, starting at the age of twelve. But since being incarcerated, Gilmer has remained drug and alcohol free. He obtained his GED and works as a barber. He has completed classes on drug abuse, anger management, life skills, social values, victim impact, and American history. He also completed the "Overcomers Mentoring Program." Although his disciplinary history while incarcerated is not without incident, he has not been disciplined for an infraction since April 2015, more than seven years ago. Gilmer is now 59 years old and has a great deal of support from his immediate and extended family. The court finds that Gilmer's rehabilitation while in prison and his family support weigh heavily in favor of a reduction in his sentence.

Turning to the next factors, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the

defendant, the court finds that a reduced sentence would be sufficient to accomplish these goals. Gilmer has served more than 20 years in federal prison in addition to six years in state prison, and the court does not believe that additional time incarcerated is necessary to achieve the punitive and deterrent goals of punishment. Nor does the court find that additional time is necessary to provide Gilmer with educational or vocational training, medical care, or other correctional treatment.

Looking at the kinds of sentences available and the applicable guidelines range, as discussed above, Gilmer would face a sentence of 121 to 151 months for his offense if he were sentenced today. As he has now spent more than 20 years in federal custody, this factor weighs in favor of a reduction of his sentence to time served.

After considering the parties' arguments and the applicable § 3553(a) factors, the court concludes that a sentence reduction is warranted in Gilmer's case. Given the circumstances of this case, including Gilmer's history and characteristics, both positive and negative, and the changes in the understanding of the career offender guideline, the court concludes that a sentence of 121 months, but not less than time served, is appropriate. Such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of Gilmer's conduct and criminal history, promote respect for the law, provide just punishment, afford specific and general deterrence, and protect the public. See 18 U.S.C. § 3553(a).

## IV.

For the above-stated reasons, the court will **GRANT** Gilmer's motion for compassionate release, ECF No. 250, and reduce his sentence to time served. The clerk is

9

directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered:   May 3, 2022

Michael F. Urbanski
Chief United States District Judge